IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JEFFREY SCOTT KEEHN

NO. 3:24-CR-341-K

## PLEA AGREEMENT

Jeffrey Scott Keehn, the defendant; Joseph Magliolo, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have the defendant's guilt proven beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

      e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 1343, that is, Wire Fraud. The defendant understands the nature and elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

a. imprisonment for a period not to exceed 20 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States or if the defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States, or loss of citizenship if the defendant is a naturalized citizen of the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7. **Mandatory special assessment**: The defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the

defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. **Financial Disclosure:** Within 14 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath tot the U.S. Attorney's Office. The financial disclosure must identify all property in which the defendant has an interest—whether direct or indirect; whether held individually or jointly; whether held by a spouse, relative, associate, nominee, business, trust, or other third party; and whether held in this country or outside the county. Upon demand, the defendant shall provide any and all additional financial documentation requested to the USPO, the Court, or the government until is financial obligations have been paid in full. The financial disclosure may be shared between and among the government, the Court, and USPO as needed.

   b. **Financial Interviews:** The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

   c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   d. **Asset Preservation:** The defendant further agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant agrees to preserve his assets as if a judgment was already in place and to liquidate various assets for payment to the Clerk of Court, to be deposited into the Court registry until a date of sentencing and, thereafter, to be applied to satisfy the financial obligations of the defendant. Prior to sentencing, the defendant agrees to notify the Financial Litigation unit of the U.S. Attorney's Office before the defendant transfers any interest in property

with a value exceeding $1,000 owned directly or indirectly, individually, or jointly, by defendant held or owned under any name, including trusts, partnerships, and corporations.

9. **Restitution**: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense of conviction and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this paragraph, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, specifically the forfeiture of:

    a. 2022 Chevrolet Traverse High Country, VIN 1GNEVNKW6NJ162309;

b.  Gold and Other Precious Metal, including, but not limited to:

      i.  Gold American Buffalo Coins;

     ii.  Gold American Eagle Coins;

    iii.  Gold Double Eagle Coins;

    iv.  Gold American Liberty Coins;

     v.  Gold ANA World's Fair of Money Show Coins;

    vi.  Silver American Eagle Coins;

   vii.  Peace Silver Dollars;

  viii.  Morgan Silver Dollars;

    ix.  Silver Germania Allegories;

     x.  Platinum American Eagle Coins;

    xi.  Palladium American Eagle Coins;

c.  $225,655.41 of equity in the real property located at 999 N. Pacific St., Unit F-208, Oceanside, San Diego County, California, which will be satisfied by a cash payment by the defendant in lieu of forfeiture of the property;

d.  $5,108.52 from Account #28070325, plus appreciation, held in the name of Jeffrey Keehn at New York Life Insurance;

e.  Up to $8,193.00 from Account #16278288, plus appreciation, held in the name of Jeffrey Keehn at New York Life Insurance;

f.  $0.02 from Bank Account #8314212038 held in the name of Jeffrey Keehn and Kathryn Keehn at Capital One, N.A.;

g. $1,388.12 from Bank Account #36054939456 held in the name of Jeffrey Keehn at Capital One, N.A.;

h. $162.92 from Bank Account #36006216287 held in the name of Jeffrey Keehn and Kathryn Keehn at JPMorgan Chase Bank, N.A.;

i. $100.72 from Bank Account #360503282601 held in the name of Jeffrey Keehn and Kathryn Keehn at JPMorgan Chase Bank, N.A.;

j. $1,627.72 from Bank Account #459625351 held in the name of Keehn Machine Living Trust at JPMorgan Chase Bank, N.A.;

k. $7,298.11 from account #49705313, plus appreciation, held in the name of Keehn Machine Living Trust at Charles Schwab Bank;

l. Up to $51,294.00 from Account #76344973, plus appreciation, held in the name of Jeffrey Keehn at Charles Schwab Bank;

m. Up to $83,867.00 from Account #BDA028604, plus appreciation, held in the name of Lola-Sofia Keehn at Pershing LLC;

n. Up to $14,000.00 from Account #BDA563808, plus appreciation, held in the name of Kathryn Keehn at Pershing LLC;

o. Up to $59,098.00 from Account #BDA030063, plus appreciation, held in the name of Jeffrey Keehn at Pershing LLC;

p. Up to $12,169.00 from Account #BDA028638, plus appreciation, held in the name of Jeffrey Keehn at Pershing LLC;

q. $1,985.68 from Bank Account #9333893585 held in the name of Jeffrey Keehn at First Tech Federal Credit Union;

r. Up to $23,281.00 from Account #61321063, plus appreciation, held in the name of Jeffrey Keehn at New York Life Insurance;

s. Up to $13,431.00 from Account #39607982, plus appreciation, held in the name of Jeffrey Keehn at New York Life Insurance.

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting

authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C.

§ 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 5th day of May , 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

MARTY BASU
Assistant United States Attorney
Illinois State Bar No. 6302360
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8759
Fax: 214-659-8812
Email: marty.basu@usdoj.gov

RENÉE HUNTER
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

JEFFREY SCOTT KEEHN          5/3/2025
                             Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

JOSEPH MAGLIOLO              5/5/25
Attorney for Defendant       Date